The opinion of the Court was delivered by
Todd, J.
The defendant appeals from a judgment against him for $141.25. This judgment was recovered by the plaintiff, as the lessee Of the public market of the Town of New Iberia and owner of the privileges and franchises pertaining thereto; among’which, he claimed, was the right to recover from the defendant twenty-five cents per day, termed a tariff or fee for keeping a private butcher stand within the corporate limits of said town. The amount of the judgment re2>resents the aggregate of such daily charges for the term of the lease.
The right of the town to impose such charge is put at issue by the 2)leadings.
There is no motion to dismiss the appeal, hut the ajqrellee’s counsel urges that it our duty to do so, for want of jurisdiction ration e materia. He contends that the contest does not involve the question of the constitutionality or legality of any tax or license, or other charge embraced-in Article 81 of the State Constitution, that can impart to it an appealable character. That Article confers jurisdiction in all cases in which the constitutionality or legality of any tax, toll, or impost whatever, or of any flue, forfeiture or penalty, imposed by a municipal co-rporation, shall be in contestation.
Wo think this language is broad enough to include the charge in question in this case.
“The name ‘tax’ means a burden, charge or imposition for public, uses.” Addison, verbo Tax. Same, verbo Impost. 7 Wall. 433; 9 R. 325.
We regard the charge in this instance as a tax or license imposed *1051 upon tlie calling or occupation of the defendant, which was that of a butcher.
Conceding that the tax was imposed by the town authorities, and the right of the plaintiff to collect the same under his alleged lease, the first question we must consider is, whether the town possessed the authority to impose such tax. It could derive such authority solely from a grant of the legislature in its charter or other act. Cooley, Con. Lim., pp. 191, 387 : 29 An. 21 j 82 An. 923, 1293.
Act. 107 of 18C8, p. 134, amending the charter of said town, confers the power to raise money (quoting) “by taxing merchants, retailers, grog shops, billiard tables, hawkers, peddlers, shows, circuses, menageries, concerts, etc.”
Wo had occasion to construe this same Act in one of the cases above referred to, Mayor of New Iberia vs. Migues, 32 An. 923, which was a suit to recover a tax or license against a drayman pursuing his hailing in said town. We held in that case, that the language of the charter quoted above did not include draymen among the classes of persons of callings authorized by the terms of the Act to be taxed.
And it is evident that neither does it name butchers, or those keeping butcher stands. And for like reasons assigned in that case, the town cannot claim the right to impose the tax now in question, from the clause in the Act cited. We held also, that the words or phrase, et cetera, in the Section cited, only referred to others pursuing like or kindred callings to those named therein. This “ enlargement ” fails to embrace in this instance, as it did in that, the class of persons or occupations now sought'to be taxed.
There being no express delegation of power to the corporation or town, to impose a tax or license on butchers keeping private stands or markets, no authority existed, under the Section referred to, to collect the tax or license in question, or to authorize its collection by the lessee of the public market or any one else.
It is, however, contended that the corporation possessed this authority under the 5th Section of said Act, which authorized the passing of such ordinances and by-laws as might be deemed proper, in relation to the public markets in said town.
Whilst this Section conferred authority, incident to police powers, to regulate private markets, or the selling at private stands of meats, etc., and the right even to suppress the same, and to impose fines and penalties to enforce its ordinances on the subject, and punish their violation, it conferred no power to levy a taxor license, or fee, tariff, or rate, as it is termed in this case, on butchers or other persons. There is a recognized distinction between the taxing power and the police power, conferred on corporations; licenses or taxes may be imposed on certain *1052 brandies as a regulation under the exercise of the latter power, but it must plainly appear that they are imposed strictlj' and exclusively in aid of such power, and not for the purposes of revenue. The rule is, that mere police power and the right to make all needful regulations under it, gives no right to tax for revenue. Dillon on Corp. 2 Vol., pp. 709, 710, Sec. 609 ; 33 N. J. Law, 280 ; 7 Ire. 406.
The power of municipal.corporations to tax, must be plainly and unmistakably conferred, lb. Sec. 605, 606.
A careful study of the Act incorporating the Town of New Iberia, and the Act amendatory thereof, fails to satisfy us that the town possessed any powerto impose ihe instant tax, or charge, or to transfer the asserted right to another, as is pretended, with the authority to enforce its collection, as is now attempted.
We are not to be understood as holding that other municipal corpo- ' rations do not possess the right to require such a license or tax, where the power to demand one is delegated and is exercised as the law ' provides. Nor do rve deny, in the present case, the power to collect dues for the use of stalls or stands in the public markets, from occupants ' thereof, which the corporation certainly possesses.
We leave out of view, in our consideration of the subject, the amendments to the charter proclaimed in 1881, by the Mayor, to have been adojitcd. They could have no bearing in matters resulting from proceedings that transpired long previous to such adoption.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and there be judgment rejecting plaintiff’s demand, with costs in both Courts.